# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X
COLORADO-ARKANSAS-TEXAS DISTRIBUTING, L.L.C., : Civil Action

       Plaintiff, : **Docket No. 1:06-cv-01937-UA (RCC)**

  - vs. -

AMERICAN EAGLE FOOD PRODUCTS, INC.,

       Defendant/Counterclaimant.
---------------------------------------------------------------------------X

## MEMORANDUM IN OPPOSITION TO DEFENDANT/COUNTERCLAIMANT'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

On the Brief:
Richard E. Carmen, Esq.
Ira Kleiman, Esq.
Brief Carmen & Kleiman, LLP

s:\rec\litig\cataefpxmot\coverofmemosummjudg.doc

# TABLE OF CONTENTS

                                                                          **Page**

**TABLE OF AUTHORITIES**……………………………………………..ii

**PRELIMINARY STATEMENT**……………………………………………1

**ARGUMENT**……………………………………………………………....2

**POINT I**

THE ONLY ISSUE BEFORE THIS COURT ON THIS MOTION
IS WHETHER OR NOT THERE IS A QUESTION OF FACT AS
TO THE EXISTENCE OF AN AGREEMENT TO ARBITRATE
BETWEEN THE PARTIES…………………………………………....2

**POINT II**

CAT'S OBJECTIONS TO ARBITRATION ARE NOT BARRED
UNDER SECTION 12 OF THE FEDERAL ARBITRATION ACT
AS CAT IS NOT CROSS-MOVING UNDER SECTIONS 10 OR 11
OF THE ACT……………………………………………………………6

**POINT III**

CAT IS NOT BARRED FROM ARGUING THAT NO AGREEMENT
TO ARBITRATE EXISTS DUE TO JUDICIAL ESTOPPEL………………..7

**POINT IV**

CAT DID NOT PARTICPATE IN THE ARBITRATION, AND IS NOT
BARRED FROM MOVING PURSUANT TO CPLR 7503 OR THE
FEDERAL ARBITRATION ACT………………………………………….9

**POINT V**

SUMMARY JUDGMENT SHOULD BE ENTERED IN FAVOR
OF PLAINTIFF DISMISSING THE COUNTERCLAIM……………………10

**CONCLUSION**…………………………………………………………….11

# **TABLE OF AUTHORITIES**

Page

Cases

Anderson v. Liberty Lobby, Inc.,
477 U.S. 242 (1986) ……………………………………………………………………11

Application of Dana Realty Corp. (Consolidated Edison Co.),
21 A.D.2d 769, 250 N.Y.S.2d 784 (1st Dep't 1964)…………………………………….10

Bates v. Long Island Rail Road Co.,
997 F.2d 1028 (2d Cir. 1993) …………………………………………………………..9

Buckeye Check Cashing, Inc. v. Cardegna,
546 U.S. 440 (2006)……………………………………………………………………..8

Comprehensive Accounting Corporation v. Rudell,
760 F.2d 138 (7th Cir. 1985)…………………………………………………………….6

Degi Deutsche Gesellschaft Fuer Immobilienfonds MBH v. Haffey,
1995 WL 669087 (S.D.N.Y. 1995)……………………………………………………10

Folkways Music Publishers, Inc. v. Weiss,
989 F.2d 108 (2d Cir. 1993) ………………………………………………………….4, 5

Getty Oil Co. v. Norse Management Co.,
711 F. Supp. 175 (S.D.N.Y. 1989) ……………………………………………………..7

Hardy v. Walsh Manning Sec., LLC,
341 F.3d 126 (2d Cir. 2003)…………………………………………………………….4

Int'l Bus. Machines Corp. v. Liberty Mut. Fire Ins. Co.,
303 F.3d 419 (2d Cir. 2002) …………………………………………………………..11

Kidder, Peabody & Co., Inc. v. Marvin,
161 Misc.2d 12, 613 N.Y.S.2d 1011 (NY Co. 1994) …………………………………..9

Local 205 v. Day Care Council of New York, Inc.,
992 F. Supp. 388 (S.D.N.Y. 1998) …………………………………………………..6, 7

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
475 U.S. 574 (1986) …………………………………………………………………...11

Matter of De Laurentiis (Cinematografica),
9 N.Y.2d 503, 215 N.Y.S.2d 60 (1961) …………………………………………...10

Mid-Atlantic Constr. Corp. v. Guido,
30 A.D.2d 232, 291 N.Y.S.2d 501 (4th Dep't 1968) …………………………………10

Prima Paint Corp. v. Flood & Conklin Manuf. Co.,
388 U.S. 395 (1967) ……………………………………………………………….8

Rubin v. Sona International Corp.,
457 F. Supp.2d 191 (S.D.N.Y. 2006) …………………………………………………...8

Stolt-Nielsen Transportation Group B.V. v. Edible Oil Trading Corp.,
2007 WL 194182 (S.D.N.Y. 2007) …………………………………………………...7

Titan Pharmaceuticals and Nutrition, Inc. v. Medicine Shoppe International, Inc.,
2006 WL 626051 (S.D.N.Y. 2006)…………………………………………………...8

United States Code

9 U.S.C. §1 ……………………………………………………………………………...1
9 U.S.C. §4………………………………………………………………………………...5
9 U.S.C. §9………………………………………………………………………………3
9 U.S.C. §10………………………………………………………………………..1, 4, 6, 7
9 U.S.C. §11………………………………………………………………………..1, 4, 6, 7
9 U.S.C. §12………………………………………………………………………….1, 6, 7

Federal Rules of Civil Procedure

Fed R.Civ.P. 56(c)……………………………………………………………….......11

Local Civil Rules of the United States District Courts
For The Southern And Eastern Districts of New York

Local Civil Rule 56.1…………………………………………………………….......11

New York Civil Practice Law and Rules

CPLR §7503……………………………………………………………………….3, 10

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X **Civil Action**
COLORADO-ARKANSAS-TEXAS DISTRIBUTING, **Docket No. 1:06-cv-01937-UA**
L.L.C., **(RCC)**

      Plaintiff,

      - v. -

AMERICAN EAGLE FOOD PRODUCTS, INC.,

      Defendant/Counterclaimant.
------------------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMRY JUDGMENT, AND IN SUPPORT OF PLAINTIFF'S <u>CROSS-MOTION FOR SUMMARY JUDGMENT</u>**

**<u>PRELIMINARY STATEMENT</u>**

  This memorandum of law is submitted in opposition to the motion of Defendant/Counterclaimant American Eagle Food Products, Inc., ("American Eagle" or "Defendant") for summary judgment, and in support of the cross-motion of Plaintiff Colorado-Arkansas-Texas Distributing, L.L.C. ("CAT" or "Plaintiff") for summary judgment dismissing Defendant's counterclaim. We will demonstrate that:

  a)  The sole issue on this motion is whether there exists a question of fact as to whether or not these parties entered into an agreement to arbitrate;

  b)  CAT's arguments are not barred by Section 12 of the Federal Arbitration Act, 9 U.S.C.A. § 1 <u>et</u> <u>seq</u>. (hereinafter "the Act") as CAT's claim that no agreement to arbitrate ever existed is not an argument based on Sections 10 or 11 of the Act;

c) The Court's ruling in the prior case of CAT v.Ahcom does not serve to create a judicial estoppel precluding CAT from maintaining that no agreement to arbitrate exists;

d) As CAT did not participate in the arbitration, brought by American Eagle before the Association of Food Industries, Inc. ("AFI"), CAT was not barred from moving to stay arbitration on the grounds of no agreement to arbitrate, either in accordance with the New York Civil Practice Law and Rules or the Federal Arbitration Act; and finally,

e) As no genuine issue of material fact exists as to the parties never having agreed to arbitrate their dispute, the counterclaim should be dismissed.

## ARGUMENT

## POINT I

**THE ONLY ISSUE BEFORE THIS COURT ON THIS MOTION IS WHETHER OR NOT THERE IS A QUESTION OF FACT AS TO THE EXISTENCE OF AN AGREEMENT TO ARBITRATE BETWEEN THE <u>PARTIES</u>**

At the outset, we note that in its moving papers, submitted in support of its motion for summary judgment, American Eagle details the dispute between the parties in an attempt to show that there are no "issues of fact" to be tried (See Defendant's Memorandum of Law). Respectfully, American Eagle's focus is misdirected. The fact is that the details of the underlying dispute between the parties is only of tangential relevance to this motion.

As the Court will recall, this proceeding was actually commenced by CAT in the Supreme Court of the State of New York with an Order to Show Cause and Petition to

Stay Arbitration pursuant to CPLR 7503. Thereafter, after the arbitration went forward without the participation of CAT[1], a fact of which both American Eagle and the putative arbitrators were advised in advance (See Affidavit of Thomas M. Lyda, III, in opposition to American Eagle's motion and in support of CAT's cross-motion, hereinafter "Lyda Affid., at Para. "83", the Affidavit of Richard E. Carmen, Esq., in opposition to American Eagle's motion and in support of CAT's cross-motion, hereinafter "Carmen Affid.", at Para(s). "2", "7" and at Exhibits "25" and "27"), and the arbitrators granted an award to American Eagle, this action was removed by American Eagle to the United States District Court.

The American Eagle Answer and Counterclaim upon which American Eagle moves for summary judgment, (never attached by American Eagle to its moving papers), does not detail the dispute between the parties, Carmen Affid., at Para. "9" and Exhibit "29". Rather, in one paragraph it states in the vaguest of terms the alleged contract between the parties and then proceeds to set forth the facts relating to the arbitration award, See Id. Finally, American Eagle asks the Court to enter judgment confirming the arbitration award. Thus, this motion for "summary judgment" is, in reality, a motion to the Court to confirm the arbitration award pursuant to Section 9 of the Act. As set forth in Section 9 of the Act:

> "If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in section 10 and 11 of this title."

---

[1] See Plaintiff's Statement of Undisputed Material Facts In Support of Cross-Motion, at Para(s). "41" – "45".

3

Section 10 of the Act, in pertinent part states:

"a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration--

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

Similarly, Section 11 of the Act states:

"In either of the following cases the United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration—

**(a)** Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.

**(b)** Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.

**(c)** Where the award is imperfect in matter of form not affecting the merits of the controversy.

The order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties.

Thus, where the parties have participated in an arbitration, and the arbitrators have rendered an award, it is said that such award is subject to "very limited review", Hardy v. Walsh Manning Sec., LLC, 341 F.3d 126, 129 (2d Cir. 2003); Folkways Music

4

Publishers, Inc. v. Weiss, 989 F.2d 108, 111 (2d Cir. 1993), i.e., the grounds set forth in the Sections 10 and 11 of the Act.

However, where, (as here), a party has refused to participate in the arbitration on the grounds that the agreement to arbitrate does not exist, the party demanding Arbitration has a remedy under Section 4 of the Act, i.e., to move to compel arbitration.

In this regard, Section 4 of the Act states, in pertinent part:

A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . . for an order directing that such arbitration proceed in the manner provided for in such agreement. . . . The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. . . . . If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof."

Thus, American Eagle, faced with CAT's refusal to arbitrate, had the option to adjourn the arbitration, and petition this Court under Section 4 of the Act. Had American Eagle done so, under the circumstances presented in this case, where CAT has denied that it entered into an agreement to arbitrate, this Court would have then had to determine, as a threshold issue, whether an arbitration agreement exists. By proceeding to arbitration in the absence of CAT, American Eagle was, in essence attempting to by-pass the statutory procedure, and "one up" CAT by obtaining an award. However, CAT is not precluded from arguing that that the arbitration agreement does not exist simply because American Eagle decided not to play by the rules.

Thus, having refused to participate in the arbitration, and having raised the issue of the existence of the arbitration clause to American Eagle and the proposed arbitrators prior to the arbitration (and indeed, having informed both that CAT would not participate in the arbitration) CAT is entitled to raise this issue in opposition to the motion for

5

summary judgment, which is in reality a motion to confirm the award, as if American Eagle has sought relief under Section 4 of the Act., See, <u>Local 205 v. Day Care Council of New York, Inc.</u>, 992 F. Supp. 388 (S.D.N.Y. 1998); See, also, <u>Comprehensive Accounting Corporation v. Rudell</u>, 760 F.2d 138 (7th Cir. 1985).

Therefore, respectfully, the issue on this motion is solely whether or not there is a question of fact as to the existence of an agreement to arbitrate. CAT does not object to American Eagle's motion nor is it cross-moving based on any of the bases set forth in Section 10 or 11 of the Act, because Section 10 and 11 of the Act, by their terms, presuppose the existence of an agreement to arbitration.

Rather, CAT's objection is the overriding issue, which it would have raised in this Court had American Eagle moved to compel arbitration, that CAT never agreed to arbitrate. Faced with this opposition and cross-motion, the Court has three choices: a) to determine that no agreement to arbitrate exists, and dismiss this action as CAT requests; b) to determine that the parties did agree to arbitrate, and confirm the award as American Eagle requests; or c) to determine that there are questions of fact as to the existence of an agreement to arbitrate and to order a summary trial on that issue.

### POINT II

### CAT'S OBJECTIONS TO ARBITRATION ARE NOT BARRED UNDER SECTION 12 OF THE ACT AS IT IS NOT CROSS-MOVING UNDER SECTIONS 10 OR 11 OF THE ACT

Similarly, American Eagle's argument that CAT is somehow time barred as it has not (cross-) moved within three months after the award was filed pursuant to Section 12 of the Act is plain wrong. As set forth above, CAT is not cross-moving pursuant to

Sections 10 or 11 of the Act, and, by its terms, Section 12 of the Act therefore simply does not apply.

In <u>Local 205 v. Day Care Council of New York, Inc.</u>, 992 F. Supp. 388 (S.D.N.Y. 1998), as in the instant case, the Petitioner argued that the defendant was time barred, as defendant's motion was not served within three months after the award was filed or delivered, <u>Local 205,</u> <u>supra,</u> at 393.  The Court ruled, however, that

> "DCC is correct that the limitations period of Section 12 does not prevent it from arguing that it has not agreed to arbitrate any disputes.  DCC does not seek to vacate the Award on the grounds set forth in Section 10 of the FAA.  To the contrary, DCC argues that the Award does not apply to it because DCC never agreed to arbitrate.  Section 12 does not apply in these circumstances (citing <u>Getty Oil Co. v. Norse Management Co.</u>, 711 F. Supp. 175, 176 (S.D.N.Y. 1989)."

See also, <u>Stolt-Nielsen Transportation Group B.V. v. Edible Oil Trading Corp.</u>, 2007 WL 194182 (S.D.N.Y. 2007).

Here too, CAT is not seeking to vacate the award pursuant to Section 10 of the FAA.  Rather, CAT has consistently argued that the parties never agreed to arbitrate. Under such circumstances, Section 12 of the Act does not apply, and CAT is not time barred.

**POINT III**

**CAT'S IS NOT BARRED FROM ARGUING THAT NO AGREEMENT TO ARBITRATE EXISTS DUE TO JUDICIAL ESTOPPEL**

CAT's legal position as articulated in <u>CAT V. Ahcom, Ltd.</u>, Case No. 04-CV-6757 (LTS) does not bar CAT's current claims under the doctrine of judicial estoppel. Firstly, the facts of the two cases are totally different.  As set forth in the Lyda Affid. at Para(s). "73"- "74", in <u>Ahcom</u>, unlike here, the proponent of the agreement to arbitrate and a signatory thereto sought to avoid arbitration.  However, even if the Court were to

7

accept the argument set forth by Ahcom, that CAT "backdated" its signature – a claim that has always been vigorously denied by CAT and was specifically considered and discounted by the AHCOM arbitrators in granting their award – the two cases are still dissimilar. Unlike CAT in the instant case, Ahcom did not challenge the making of the arbitration clause itself, but only the contracts generally, Lyda Affid., at Para."81". Nowhere did Ahcom argue that there was any vulnerability in the arbitration clause itself. Under those circumstances, CAT argued, correctly, that under the Supreme Court doctrine enunciated in Prima Paint Corp. v. Flood & Conklin Manuf. Co., 388 U.S. 395 (1967), AHCOM was required to submit its arguments to the arbitrators, Lyda Affid., at Para. "81"; see CAT's Statement of Material Facts In Dispute In Opposition To Defendant's Motion, at Para. "55", "57" ("CAT's Statement of Material Facts In Dispute").

In contrast, here, CAT has consistently argued that no agreement to arbitrate was ever reached. Such an argument, as has recently been reiterated by the United States Supreme Court, is to be heard by the Court, and not the arbitrators, Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440 (2006); See, also, Rubin v. Sona International Corp., 457 F. Supp.2d 191 (S.D.N.Y. 2006); Titan Pharmaceuticals and Nutrition, Inc. v. Medicine Shoppe International, Inc., 2006 WL 626051 (S.D.N.Y. 2006). For this reason alone, the doctrine of judicial estoppel would not apply. Certainly the doctrine of judicial estoppel would not bar a party from forever advancing an argument which it could otherwise advance under differing circumstances. The facts underlying an agreement to arbitrate in Ahcom are different from those in the instant case, Lyda Affid., at Para. "73" – "81"; CAT's Statement of Material Fact In Dispute, at Para(s). "42" – "58".

8

Secondly, Defendant's underlying premise on which it seeks to have this Court apply the doctrine of judicial estoppel, that "CAT's prior (alleged) inconsistent position was adopted by the Court in granting its application to compel arbitration" Defendant's Brief at 23, is demonstrably and factually wrong.  Not only did the Court in AHCOM not "adopt CAT's position "– the Court did not rule on the issue at all.  Rather, the parties stipulated to discontinue the action and have all issues heard by the Arbitrators, See Stipulation submitted as Exhibit "22" to the Lyda Affidavit.

Thus, under the criteria set forth by Defendant itself, in its citation of <u>Bates v. Long Island Rail Road Co.</u>, 997 F.2d 1028, 1037 (2d Cir. 1993), judicial estoppel cannot be invoked.  In its attempt to advance a factually baseless argument, it would further appear that it is the Defendant who is "playing fast and loose" here, and not CAT.

## POINT IV

### CAT DID NOT PARTICPATE IN THE ARBITRATION, AND IS NOT BARRED FROM MOVING PURSUANT TO CPLR 7503 OR THE FEDERAL ARBITRATION ACT

Defendant attempts to argue that by requesting an extension of time and first later moving to stay arbitration, CAT has "participated" in the arbitration, and can no longer move pursuant to CPLR 7503.  However, Defendant cites no case law, which supports the proposition that the actual actions of CAT in this instance, in particular requesting extensions of time, are considered "participation" in the arbitration.  Indeed, it is not.

In <u>Kidder, Peabody & Co., Inc. v. Marvin</u>, 161 Misc.2d 12, 613 N.Y.S.2d 1011 (NY Co. 1994), the Appellant ("Kidder Peabody") had received extensions of time to answer or otherwise respond to the State of Claim in Arbitration, but never answered.

Kidder Peabody thereafter requested an extension of time of the start of the arbitration, to comply with its attorney's schedule. Still the Court ruled that Kidder Peabody had not "participated" in the Arbitration, and was not barred from staying the arbitration by CPLR 7503:

"Nothing in the conduct of Kidder Peabody constituted participation in the arbitration. Requests for extension of time do not qualify (citing Matter of De Laurentiis (Cinematografica), 9 N.Y.2d 503, 215 N.Y.S.2d 60 (1961); Application of Dana Realty Corp. (Consolidated Edison Co.), 21 A.D.2d 769, 250 N.Y.S.2d 784 (1st Dep't 1964). And, withholding an answer to the Statement of Claim is the antithesis of participation. See Mid-Atlantic Constr. Corp. v. Guido, 30 A.D.2d 232, 237 291 N.Y.S.2d 501 (4th Dep't 1968)".

See also, Degi Deutsche Gesellschaft Fuer Immobilienfonds MBH v. Haffey, 1995 WL 669087 (S.D.N.Y. 1995).

In this case, CAT requested extension of time for personal reasons (an ill family member), merely sought to attempt to reserve its rights, and did not participate in the selection of the arbitrators. In addition, CAT never submitted an answer to the claim of American Eagle before AFI or appeared at the hearing, Lyda Affid., at Para."83", Carmen Affid., at Para. "2", "6" – "7"; CAT's Statement of Undisputed Material Facts In Support of Its Cross-Motion, at Para(s). "41" – "45". Under the circumstances presented, it cannot be said that CAT "participated" in the arbitration.

## POINT V

### SUMMARY JUDGMENT SHOULD BE ENTERED IN FAVOR OF PLAINTIFF DISMISSING THE COUNTERCLAIM

It is axiomatic that summary judgment is appropriate only where "there is no genuine issue as to any material fact and he moving party is entitled to a judgment as a

10

matter of law", Fed R.Civ.P. 56(c); See also, <u>Int'l Bus. Machines Corp. v. Liberty Mut. Fire Ins. Co.</u>, 303 F.3d 419, 423 (2d Cir. 2002).  In considering such a motion, the court construes all reasonable factual inferences in favor of the nonmoving party, <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).   The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242, 251-252 (1986).  The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact, <u>Anderson</u>, <u>supra</u>, 477 U.S. at 247-48.

In the instant case, as set forth in the Lyda Affidavit. Carmen Affidavit, and the respective submissions by CAT under Local Civil Rule 56.1, there is no issue of fact that the parties never entered into an agreement to arbitrate.  Thus, summary judgment should be entered in favor of the Plaintiff, the counterclaim of Defendant dismissed, and the arbitration award dated March 7, 2006, vacated.

## **CONCLUSION**

For all the foregoing reasons, it is respectfully submitted that the Defendant's motion be denied in all respects, that the Plaintiff's cross-motion for summary judgment be granted in all respects, thereby dismissing Defendant's counterclaim and vacating the arbitration award of the Association of Food Industries, Inc. dated March 7, 2006, and the Court grant such other and further relief it deems just and proper.

Dated: New York, NY
February 13, 2007

                            **BRIEF CARMEN & KLEIMAN, LLP**
                            Attorneys for Plaintiff


\S\ Richard E. Carmen
_____

By:    Richard E. Carmen (REC-6906)
         Ira Kleiman (IK-6657)
         805 Third Avenue, 11th Floor
         New York, NY  10022
         (212) 758-6160 or (212) 832-5570