# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

COLORADO-ARKANSAS-TEXAS DISTRIBUTING,    :    Civil Action
L.L.C.,

                                    :    **Docket No. 1:06-cv-01937-UA**
                Plaintiff,              **(RCC)**

                                    :

                - vs. -                     :

AMERICAN EAGLE FOOD PRODUCTS, INC.,          :

                                      :
                Defendant/Counterclaimant.

                                      :

-------------------------------------------------------------------------X

---

## MEMORANDUM IN REPLY TO DEFENDANT/COUNTERCLAIMANT'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

---

On the Brief:
       Richard E. Carmen, Esq.
       Ira Kleiman, Esq.
       Brief Carmen & Kleiman, LLP

## TABLE OF CONTENTS

**Page**

**PRELIMINARY STATEMENT** ................................................................................ 1

**ARGUMENT** .......................................................................................................... 1

**POINT I**
THE ISSUE AS TO THE EXISTENCE OF AN AGREEMENT TO
ARBITRATE IS PROPERLY BEFORE THIS COURT ............................................ 1

**POINT II**
CAT SHOULD NOT BE PRECLUDED FROM ARGUMENT TO THIS
COURT THAT NO ARBITRATION AGREEMENT EXISTS BECAUSE
SECTION 4 OF THE FEDERAL ARBITRATION ACT WAS NOT
INVOKED BY DEFENDANT ................................................................................ 4

**POINT III**
CAT'S CROSS-MOTION SHOULD BE GRANTED; IT IS AMERICAN
EAGLE'S POSITION THAT WOULD LACK MERIT ............................................. 5

**POINT IV**
CAT HAS COMPLIED WITH LOCAL CIVIL RULE 56.1 AND RULE 56,
FRCP; IT HAS PROVIDED CITATION TO SPECIFIC EVIDENTIARY
REFERENCES IN EACH INSTANCE; AND EVEN ASSUMING ANY
TECHNICAL DEFECT, AMERICAN EAGLE HAS NOT
DEMONSTRATED ANY PREJUDICE .................................................................... 6

**CONCLUSION** ....................................................................................................... 8

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

**CASES**

<u>Alliance Bernstein Investment Research and Management, Inc. v. Schaffran</u>, 445 F. 3d 121 (2d Cir. 2006)............................................................................................ 2

<u>Apollo Computer, Inc. v. Berg</u>, 886 F. 2d 469 (1st Cir. 1989)........................................ 2

<u>Buckeye Check Cashing, Inc. v. Cardegna</u>, 546 U.S. 440 (2006) .................................. 3

<u>Comprehensive Accounting Corporation v. Rudell</u>, 760 F.2d 138 (7th Cir. 1985)........................ 4

<u>Contec Corporation v. Remote Solution Co., Ltd.</u>, 398 F. 3d 205 (2d Cir. 2005)........................ 2

<u>Genesco, Inc. v. T. Kakiuchi & Co., Ltd.</u>, 815 F. 2d 840 (2d Cir. 1987) ................................... 3, 5

<u>Holtz v. Rockefeller & Co., Inc.</u>, 258 F. 3d 62, at 73 (2d Cir. 2001) ............................................ 8

<u>Imptex International Corp. v. Lorprint, Inc.</u>, 625 F. Supp. 1572 (S.D.N.Y. 1986) ...................... 3

<u>Jimenez v. KFC of California, Inc.</u>, 2003 WL 22244673 (S.D.N.Y. 2003) (Casey, DJ)................................................................................................................ 8

<u>Kidder, Peabody & Co., Inc. v. Marvin</u>, 161 Misc.2d 12, 613 N.Y.S.2d 1011 (Supreme Court, NY Co. 1994) ...................................................................................... 5

<u>Local 205 v. Day Care Council of New York, Inc.</u>, 992 F. Supp. 388 (S.D.N.Y. 1998) ........................................................................................................................ 4

<u>McAllister Brothers, Inc. v. A&S Transportation Co.</u>, 621 F. 2d 519 (2d Cir. 1980) ........................................................................................................................ 3

<u>Microchip Tech, Inc. v. U.S. Philips Corp.</u>, 367 F. 3d 1350 (Fed. Cir. 2004)............................ 2

<u>Prima Paint Corp. v. Flood & Conklin Mfg. Co.</u>, 388 U.S. 395 (1967) .................................. 3

<u>Southland Corp. v. Keating</u>, 465 U.S. 1 (1984) ............................................................... 3

<u>United States v. One Hundred and Thirty-Four Thousand, Seven Hundred and Fifty-Two Dollars United States Currency, more or less</u>, 706 F. Supp. 1075, 1082, n. 13 (S.D.N.Y. 1989) ........................................................................................ 8

**STATUTES**

9 U.S.C. §4 (Federal Arbitration Act)........................................................................ 4, 5

**RULES**

Fed.R.Civ.P. 56..................................................................................................................... 6

S.D.N.Y. Local Civil Rule 56.1(a).................................................................................. 6, 7

S.D.N.Y. Local Civil Rule 56.1(b) .................................................................................. 6, 7

**PLAINTIFF'S MEMORANDUM OF LAW IN REPLY TO**
**DEFENDANT/COUNTERCLAIMANT'S OPPOSITION TO**
**CROSS-MOTION FOR SUMMARY JUDGMENT**

## PRELIMINARY STATEMENT

This memorandum of law is submitted in reply to the opposition of Defendant/Counterclaimant American Eagle Food Products, Inc. ("American Eagle" or "Defendant") to the cross-motion of Plaintiff Colorado-Arkansas-Texas Distributing, L.L.C. ("CAT" or "Plaintiff") for summary judgment dismissing Defendant's counterclaim.

## ARGUMENT

## POINT I

**THE ISSUE AS TO THE EXISTENCE OF AN AGREEMENT**
**TO ARBITRATE IS PROPERLY BEFORE THIS COURT**

American Eagle is presupposing an agreement to arbitrate all issues before the Association of Food Industries, Inc. ("AFI") merely based upon an "arbitration clause" contained in alleged "Sales Orders" referencing "rules obtaining" of AFI. Respectfully to American Eagle, its "position" misses the entire point of CAT's argument. CAT is contending that there was never an agreement to arbitrate.

CAT respectfully reminds the Court that it is without dispute that **in each and every instance** American Eagle requested CAT to sign and return such Sales Orders (stating either that if not signed and returned, such "contracts" would be "null and void if not signed and returned", or "if it is correct, sign and return one copy immediately"). See Affidavit of Thomas M. Lyda, III in support of Cross-Motion For Summary Judgment and in Opposition to Motion of Defendant/Counterclaimant for Summary Judgment, at Exhibit "3" (first page thereof – "CAT 001674", and subsequent pages therein), at Exhibit "12", and at Exhibit "15" ("Kindly sign the sale/s orders and fax them back to my attention… .") and Exhibit "16" thereof.

Therefore unless these "Sales Orders" containing the agreement to arbitrate were signed and returned, no agreement(s) to arbitrate were entered into between these parties.

In the case of <u>Alliance Bernstein Investment Research and Management, Inc. v. Schaffran</u>, 445 F. 3d 121 (2d Cir. 2006), cited by American Eagle, the issue was not whether there was an agreement to arbitrate.  Rather the question was whether the specific dispute between an NASD member and a person associated with a member[1] was subject to arbitration under the NASD Code.  Unlike the instant case, the issue in <u>Alliance Bernstein</u> was not whether an agreement to arbitrate existed but rather the scope of arbitrators' jurisdiction in a merits-related dispute.  (<u>Alliance Bernstein</u> is further factually distinguishable, the case involving a wrongful discharge claim by an employee in the securities industry against his employer.)

The case of <u>Contec Corporation v. Remote Solution Co., Ltd.</u>, 398 F. 3d 205 (2d Cir. 2005), is relied upon by American Eagle to support its allegation that American Eagle's Sales Orders referencing AFI rules obtaining would show clear and unmistakable intent by CAT for the AFI Board to decide an issue of arbitrability.

The Second Circuit stated however:

"In this case [(<u>Contec</u>)], as in *Apollo*[2], the party seeking to avoid arbitration was a signatory to the arbitration agreement.  Although the *Microchip*[3] court found this distinction irrelevant [(citation omitted)], we find it an important indicator of Remote Solution's expectation and intent when binding itself to the 1999 Agreement.

<u>Id.</u> at 211.

American Eagle's reliance on the <u>Contec</u> case as a basis to assert that AFI could determine the issue of arbitrability is completely misplaced.  American Eagle claims that the

---

[1]  The rules of AFI cited by American Eagle do not require arbitration between members.  See Exhibit "B" of the Certification of Eugene Sobeck submitted by American Eagle in support of its motion.

[2]  <u>Apollo Computer, Inc. v. Berg</u>, 886 F. 2d 469 (1st Cir. 1989).

[3]  <u>Microchip Tech, Inc. v. U.S. Philips Corp.</u>, 367 F. 3d 1350 (Fed. Cir. 2004).

language of its Sales Orders, albeit unsigned, shows agreement to arbitrate; American Eagle's own conduct, however, requires signature and return.

It is also for these reasons, as well as other distinguishable facts, that American Eagle's citation to the case of Imptex International Corp. v. Lorprint, Inc., 625 F. Supp. 1572 (S.D.N.Y. 1986), is misplaced.  Imptex was a case involving dispute in the textile industry; it appears that deliveries of goods were made to the buyer opposing arbitration under the confirmations and contracts, to which fact the District Court appears to have given significant weight.  Here CAT was specifically told to sign and return the sales orders, and CAT never requested delivery of the goods it was alleged to have contracted for with American Eagle.

On similar basis, the case of Genesco, Inc. v. T. Kakiuchi & Co., Ltd., 815 F. 2d 840 (2d Cir. 1987) would be specifically inapposite to the facts in the case at bar.  American Eagle would have this Court ignore this Defendant's own requirements of signature, with respect to agreement(s) to arbitrate.  Furthermore, American Eagle should not be able to avoid the import of its requirements by claiming a "long-standing, on-going" business relationship (which the facts here do not bear out in any event).[4]

American Eagle also completely misstates the holding of Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440 (2006).  The Supreme Court in Buckeye stated that "…as a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract".  The Court then stated where "…the challenge is to the arbitration clause itself", the Court must determine such an issue.  Id.  (Citing Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395 (1967) and Southland Corp. v. Keating, 465 U.S. 1 (1984)).

---

[4]   The case of McAllister Brothers, Inc. v. A&S Transportation Co., 621 F. 2d 519 (2d Cir. 1980), also mentioned by American Eagle in the context of Genesco, Inc., involved an issue of abandonment of a signed contract containing an arbitration clause and whether "affiliated enterprises" were parties (or otherwise) subject to arbitration under such contract.  Thus, the McAllister Bros. case would not bear on the issues at bar.

**POINT II**

**CAT SHOULD NOT BE PRECLUDED FROM ARGUMENT TO THIS COURT
THAT NO ARBITRATION AGREEMENT EXISTS BECAUSE §SECTION 4 OF
THE FEDERAL ARBITRATION ACT WAS NOT INVOKED BY DEFENDANT**

In Point II of its Brief in opposition to CAT's cross-motion, American Eagle completely misstates CAT's argument regarding Section 4 of the Federal Arbitration Act ("FAA").

CAT is not arguing that American Eagle was <u>required</u> to invoke Section 4 and move to compel arbitration.

Rather, having refused to participate in the arbitration and having raised the issue of the non-existence of the arbitration clause to American Eagle and the proposed arbitrators prior to the arbitration[5], CAT's position (as set forth in its initial Brief) is that it should not be precluded from arguing that no arbitration agreement exists, simply because American Eagle chose not to follow statutory procedure under Section 4 of the FAA.

CAT's argument is buttressed by its earlier citation to <u>Local 205 v. Day Care Council of New York, Inc.</u>, 992 F. Supp. 388 (S.D.N.Y. 1998) and <u>Comprehensive Accounting Corporation v. Rudell</u>, 760 F.2d 138 (7th Cir. 1985). In both cases, the party claiming the existence of an arbitration agreement (as here) did not invoke Section 4 of the FAA, yet the respective courts still addressed the issue of whether or not the parties agreed to arbitrate.

Thus, CAT's refusal to participate in the arbitration was not a matter of CAT "assuming the risk" of an adverse decision by the arbitrators. Rather CAT suggests to this Court, that having reserved its rights, it should be free to assert before this Court that no arbitration clause

---

[5]   In the case at bar, CAT denied that the dispute with American Eagle was arbitrable, and CAT specifically objected, and in writing, to the submission of such dispute to AFI for hearing. American Eagle does not dispute these material facts. (<u>Compare</u> Statement of Undisputed Material Facts In Support of Cross-Motion of Plaintiff, at Para(s). "45" – "46" <u>with</u> Defendant/Counterclaimant American Eagle Statement of Disputed Material Facts Submitted In Opposition to Plaintiff CAT's Cross-Motion for Summary Judgment, at Para(s) "45" – "46".)

was ever agreed to by the parties, as it would have argued had American Eagle moved under Section 4 of the FAA.

## POINT III

### CAT'S CROSS-MOTION SHOULD BE GRANTED; IT IS AMERICAN EAGLE'S POSITION THAT WOULD LACK MERIT

American Eagle again would have this Court ignore American Eagle's own admissions, i.e., the undisputed facts that American Eagle requested CAT to sign and return the "contracts". Compare for example, but without limitation, CAT's Statement of Undisputed Material Facts in Support of its Cross-Motion at Para(s). "32", "33", and "34" with Defendant/Counterclaimant American Eagle's Statement of Disputed Material Facts Submitted In Opposition to Plaintiff CAT's Cross-Motion for Summary Judgment, at Para(s). "32", "33" and "34". (CAT has already discussed how the Genesco, Inc. case is inapposite here.)

The position CAT advanced, prior to the arbitration hearing, to AFI and American Eagle that "there was no agreement to arbitrate at first instance between American Eagle and CAT", and CAT's position that it would not attend, is consistent with CAT's insistence upon the right to litigate.   See Kidder, Peabody & Co., Inc. v. Marvin, 161 Misc.2d 12, 613 N.Y.S.2d 1011 (Supreme Court, NY Co. 1994) ("The right to litigate is not preserved by reserving a right to contest the arbitrability of a claim while participating in the hearings before the arbitrator").[6]

---

[6]   "The circumstance that arbitrators have been selected and a location and dates have been chosen for the hearings cannot be attributed to the participation of Kidder Peabody.  These are functions the Director of Arbitrations performs in any case".  Kidder, Peabody & Co., supra at 1014.

## POINT IV

## CAT HAS COMPLIED WITH LOCAL CIVIL RULE 56.1 AND RULE 56, FRCP; IT HAS PROVIDED CITATION TO SPECIFIC EVIDENTIARY REFERENCES IN EACH INSTANCE; AND EVEN ASSUMING ANY TECHNICAL DEFECT, AMERICAN EAGLE HAS NOT DEMONSTRATED ANY PREJUDICE

While CAT's Local Rule 56.1(b) Statement did contain, in certain instances, as part of its response to certain disputed paragraphs of American Eagle's Local Civil Rule 56.1(a) Statement, an aggregate listing of corresponding numbered paragraphs in introducing those material "facts" CAT controverts, American Eagle seeks, in essence, to have this Court then disregard same completely. Review of CAT's Statement of Material Facts In Dispute In Opposition To Motion of Defendant/Counterclaimant, shows that such aggregation took place in 5 instances, out of 60 paragraphs. The Court will see that CAT was presenting in good faith in as concise a manner as possible in this case, certain of the disputed material facts best addressed in the aggregate.

American Eagle also alleges that CAT does not specifically controvert the statements in its numbered paragraphs, not identifying what material facts are being controverted. This is completely untrue. CAT specifically presents to this Court those material facts as to which CAT contends there exists a genuine issue to be tried. In certain cases, CAT disputed American Eagle's presented "fact", and presented its controverted fact or facts.

Whether the dispute was to a limited extent or otherwise, CAT sets forth material facts as to which there exists a dispute, i.e., genuine factual issues to be tried and/or what facts set forth by American Eagle are disputed and to what extent. See, for example, CAT's Rule 56.1(b) Statement, at Para. "3", "6", "7", "8", "9", "10", "11", "12", "13", "14", "15", "16", "17", "18", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "30", "31", "33", "34", "36", "39", "41", "42", "43", "44", "45", "46", "48", "49", "50", "51", "52", "53", "54", "55", "56", "58" and "59". CAT has also taken the good faith position, so as to educate this Court, that certain of

6

American Eagle's alleged "facts" are disputed because they are not material or relevant (which would be of factual consideration on a motion for summary judgment).

American Eagle also alleges that CAT did not cite to admissible evidence in its Rule 56.1 Statement(s).  This is completely untrue.

CAT cited in its Rule 56.1(a) Statement (supporting its Cross-Motion) and its Rule 56.1(b) Statement (in opposition to American Eagle's Motion), to the Affidavits of Thomas M. Lyda, III and of Richard E. Carmen.

Mr. Lyda's Affidavit attaches 24 Exhibits with respect to the transactions at issue, including numerous pages from the deposition transcript of Eugene Sobeck; from the deposition transcript of a non-party witness broker, Ms. Debbie Roy, principal of Debbie Roy Brokerage Company; from the deposition transcript of a non-party witness broker, Mr. Seth Katz, principal of Sterling Corporation; and from the deposition transcript of Mr. Lyda himself.  In addition, the Exhibits attached to Mr. Lyda's Affidavit included numerous Exhibits marked for identification and cited in the respective transcripts above-noted.  Mr. Carmen's Affidavit attaches six exhibits with respect to the issues in this matter (see footnote "7" below).

Notably, while claiming that this Court should disregard submissions of CAT, as a failure to comply with Court rule, nowhere in any papers submitted on its Motion For Summary Judgment does American Eagle attach (a) the full pleadings of CAT in the case removed from the State Court by American Eagle, (b) American Eagle's pleading in this case, bearing its claim for relief as a counterclaim, or (c) CAT's reply to such counterclaim.[7]  Thus, the technical deficiencies in American Eagle's motion may allow this Court, in its discretion, to deny American Eagle's motion and grant CAT's Cross-Motion.

---

[7]   Same were submitted by CAT in the Affidavit of Richard E. Carmen, Esq. submitted in opposition to American Eagle's motion and in support of CAT's cross-motion, at Exhibits "25", "29" and "30".

CAT certainly does not concede that the specific relevant facts cannot be elicited from its Rule 56.1 Statements, whether in dispute or otherwise, when read with the Affidavits and Exhibits cited therein, and the parties' Memoranda.  Perhaps most importantly (and most telling) however, American Eagle cannot demonstrate any prejudice (nor does it even seek to demonstrate any such prejudice).  See, e.g., <u>United States v. One Hundred and Thirty-Four Thousand, Seven Hundred and Fifty-Two Dollars United States Currency, more or less</u>, 706 F. Supp. 1075, 1082, n. 13 (S.D.N.Y. 1989).

While this Court has broad discretion in addressing an alleged failure to comply with local rules, where there has been no prejudice whatsoever, and the disputed issues of fact are readily apparent, the Court may deem CAT in compliance with such rule.  <u>Holtz v. Rockefeller & Co., Inc.</u>, 258 F. 3d 62, at 73 (2d Cir. 2001), see also <u>Jimenez v. KFC of California, Inc.</u>, 2003 WL 22244673 (S.D.N.Y. 2003) (Casey, DJ).

## CONCLUSION

For all the foregoing reasons, it is respectfully submitted that the Defendant's motion be denied in all respects, that the Plaintiff's cross-motion for summary judgment be granted in all respects, thereby dismissing Defendant's counterclaim and vacating the arbitration award of the Association of Food Industries, Inc. dated March 7, 2006, and the Court grant such other and further relief it deems just and proper.

Dated: New York, NY
     March 6, 2007            **BRIEF CARMEN & KLEIMAN, LLP**
                                    Attorneys for Plaintiff


                                  \s\ Richard E. Carmen_____
                                  By:     Richard E. Carmen (REC-6906)
                                        Ira Kleiman (IK-6657)
                                        805 Third Avenue, 11th Floor
                                        New York, NY  10022
                                        (212) 758-6160 or (212) 832-5570