Cohn Lifland Pearlman
 Herrmann & Knopf, LLP
Park 80 Plaza West One
Saddle Brook, New Jersey 07663
Charles R. Cohen, Esq. (CC0573)
Telephone: (201) 845-9600
Attorneys for Defendant/Counterclaimant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| COLORADO-ARKANSAS-TEXAS DISTRIBUTING, L.L.C., | **Civil Action** |
| Plaintiff, | **Docket No. 1:06-cv-01937-UA (RCC)** |
| vs. | **ECF Case** |
| AMERICAN EAGLE FOOD PRODUCTS, INC., | **DEFENDANT/COUNTERCLAIMANT AMERICAN EAGLE'S STATEMENT OF DISPUTED MATERIAL FACTS SUBMITTED IN OPPOSITION TO PLAINTIFF CAT'S CROSS-MOTION FOR SUMMARY JUDGMENT** |
| Defendant/Counterclaimant. | |

Pursuant to Local Rule 56.1 of the Southern District of New York,

Defendant/Counterclaimant American Eagle Food Products, Inc. ("American Eagle") submits

this Statement of Disputed Material Facts Submitted in Opposition to Cross-Motion for

Summary Judgment filed by Plaintiff Colorado-Arkansas-Texas Distributing, L.L.C. ("CAT").

1.    American Eagle does not dispute this paragraph of CAT's "Statement of Undisputed

Material Facts in Support of Cross-motion of Plaintiff" (hereinafter referred to as CAT's

"Cross-Motion Statement of Facts").

2.    American Eagle does not dispute this paragraph of CAT's Cross-Motion Statement of

Facts.

3.    American Eagle does not dispute this paragraph of CAT's Cross-Motion Statement of

Facts.

4.    American Eagle does not dispute this paragraph of CAT's Cross-Motion Statement of

Facts.

5.    American Eagle does not dispute this paragraph of CAT's Cross-Motion Statement of

Facts.

6.    American Eagle does not dispute this paragraph of CAT's Cross-Motion Statement of

Facts.   Regardless of the volume of the sales between the parties prior to the orders

underlying the AFI's March 7, 2006, Award of Arbitrators, all sales orders contained the

same broad arbitration clause.  See 1/15/07 Sobeck Certification, Paras. 8-12.

7.    American Eagle disputes this paragraph to the extent that it attempts to inaccurately

suggest (without explicitly averring) that CAT always signed sales orders before it

purchased goods from American Eagle.  Rather, Sales Orders were sometimes not signed

by CAT, but CAT nevertheless performed its obligations pursuant to the Sales Orders

and paid for the products it purchased from American Eagle.  1/15/07 Sobeck

Certification, Para. 12.  Subject to this clarification, American Eagle does not dispute this

paragraph of CAT's Cross-Motion Statement of Facts.

8.    American Eagle does not dispute this paragraph of CAT's Cross-Motion Statement of

Facts.   However, even though Sales Orders were sometimes not signed by CAT, CAT

nevertheless performed its obligations pursuant to the Sales Orders and paid for the

products it purchased from American Eagle.  1/15/07 Sobeck Certification, Para. 12.

9.    American Eagle disputes this paragraph to the extent that it attempts to inaccurately

suggest (without explicitly averring) that CAT did not purchase goods from American

Eagle unless documents were signed.  Sometimes Sales Orders were not signed by CAT,

but CAT performed its obligations pursuant to the Sales Orders and paid for the products

it purchased from American Eagle.  See, 1/15/07 Sobeck Certification, Para. 12.  Subject to this clarification, American Eagle does not dispute this paragraph of CAT's Cross-Motion Statement of Facts

10.   American Eagle does not dispute this paragraph of CAT's Cross-Motion Statement of Facts.  Indeed, this paragraph confirms that CAT received Sales Orders from American Eagle containing the same broad arbitration clause.  However, even when these Sales Orders were not signed by CAT, CAT nevertheless performed its obligations pursuant to the Sales Orders and paid for the products it purchased from American Eagle.  1/15/07 Sobeck Certification, Para. 12.

11.   American Eagle does not dispute this paragraph of CAT's Cross-Motion Statement of Facts.  However, even when these Sales Orders were not signed by CAT, CAT nevertheless performed its obligations pursuant to the Sales Orders and paid for the products it purchased from American Eagle.  1/15/07 Sobeck Certification, Para. 12.

12.   American Eagle does not dispute this paragraph of CAT's Cross-Motion Statement of Facts.  Indeed, this paragraph *confirms* that CAT received Sales Orders from American Eagle containing the same broad arbitration clause.

13.   American Eagle does not dispute this paragraph of CAT's Cross-Motion Statement of Facts.

14.   American Eagle disputes this paragraph of CAT's Cross-Motion Statement of Facts to the extent that it is not complete.  The Sales Orders also bore the notation:

> ANY CONTROVERSY OR CLAIM ARISING OUT OF THIS CONTRACT SHALL BE SETTLED IN BINDING ARBITRATION BY THE ASSOCIATION OF FOOD INDUSTRIES, INC. OF NEW YORK IN ACCORDANCE WITH ITS RULES THEN OBTAINING.  1/15/07 Sobeck Certification, Para. 18.

Subject to this clarification, American Eagle does not dispute the balance of this paragraph of

3

CAT's Cross-Motion Statement of Facts.

15.    American Eagle disputes this paragraph of CAT's Cross-Motion Statement of Facts to the extent that it inaccurately suggests (without explicitly averring) that CAT did not purchase goods from American Eagle unless documents were signed.  Sometimes Sales Orders were not signed by CAT, but CAT performed its obligations pursuant to the Sales Orders and paid for the products it purchased from American Eagle. 1/15/07 Sobeck Certification, Para. 12.  Subject to this clarification, American Eagle does not dispute this paragraph of CAT's Cross-Motion Statement of Facts.

16.    American Eagle does not dispute this paragraph of CAT's Cross-Motion Statement of Facts.   However, CAT never questioned or refuted these Sales Orders despite the notation in the Sales Orders "IF THIS CONFIRMATION IS INCORRECT, PLEASE CONTACT US IMMEDIATELY".  1/15/07 Sobeck Certification Paras. 10 and 17. Additionally, as the delivery dates for the first two of the fifteen Sales Orders approached, the market price for the cashews started to fall.  1/15/07 Sobeck Certification, Para. 28.  CAT ignored repeated requests for delivery instructions and was in breach as contract delivery dates passed.  1/15/07 Sobeck Certification, Paras. 29-44. Over a six-month period, despite conferences, phone conversations and email memos exchanged between the parties, CAT did not cure its breach.  Ibid.  Further, Mr. Lyda testified that he recieved the February 10, 2005, Sales Orders and discussed them with Mr. Sobeck without telling Mr. Sobeck he only considered them proposals, not confirmations.  2/27/07 Cohen Certification, Exhibit "B," Lyda Dep. Tr. 104-1 to 113-4. Mr. Lyda did not tell Mr. Sobeck the Sales Orders were incorrect.  Lyda Dep. Tr. 123-5 to 21, 147-2 to 150-25; 152-7 to 18.

17.    American Eagle does not dispute this paragraph of CAT's Cross-Motion Statement of

Facts.

18.    American Eagle disputes this paragraph of CAT's Cross-Motion Statement of Facts because it constitutes a disputed conclusion of law instead of a statement of material fact. Further, as set forth in American Eagle's Reply Brief, under New York law "it is well established that a party may be bound by an agreement to arbitrate even absent a signature." *Genensco, Inc. v. T. Kakiuci & Co., Ltd.*, 815 F.2d 840, 846 (2d Cir. 1987).

19.    American Eagle does not dispute this paragraph of CAT's Cross-Motion Statement of Facts.

20.    American Eagle does not dispute this paragraph of CAT's Cross-Motion Statement of Facts.

21.    American Eagle does not dispute this paragraph of CAT's Cross-Motion Statement of Facts.

22.    American Eagle does not dispute this paragraph of CAT's Cross-Motion Statement of Facts.

23.    American Eagle does not dispute this paragraph of CAT's Cross-Motion Statement of Facts.

24.    American Eagle does not dispute this paragraph of CAT's Cross-Motion Statement of Facts.

25.    American Eagle does not dispute this paragraph of CAT's Cross-Motion Statement of Facts.

26.    American Eagle does not dispute this paragraph of CAT's Cross-Motion Statement of Facts.

27.    American Eagle disputes this paragraph of CAT's Cross-Motion Statement of Facts. According to Ms. Roy, "[t]his offer was sold to 'Cat' [sic] on a 'Firm Bid Basis'.  During

the court of negotiating the contract Mr. Lyda gave me a firm bid concerning this offer."
1/15/07 Sobeck Certification, Exhibit "E," 1/11/06 Debbie Roy letter to AFI Arbitrators;
*see also* 2/27/07 Cohen Certification, Exhibit "A," Roy Dep. Tr. 56-23 to 68-11.  Further,
on February 23, 2005, American Eagle memorialized the second transaction [involving
Lyda's firm bid with Debby Roy] by issuing eight Sales Orders and transmitting them to
CAT via fax.  1/15/07 Sobeck Certification, Paras. 23 and 24.  These eight Sales Orders
stated, in part, "IF THIS CONFIRMATION IS INCORRECT, PLEASE CONTACT US
IMMEDIATELY."  These Sales Orders also stated, "ANY CONTROVERSY OR
CLAIM ARISING OUT OF THIS CONTRACT SHALL BE SETTLED IN BINDING
ARBITRATION BY THE ASSOCIATION OF FOOD INDUSTRIES, INC. OF NEW
YORK IN ACCORDANCE WITH ITS RULES THEN OBTAINING."  1/15/07 Sobeck
Certification, Paras. 17 and 18.  CAT never questioned or refuted these Sales Orders.
1/15/07 Sobeck Certification, Para. 19.

28.     American Eagle does not dispute this paragraph of CAT's Cross-Motion Statement of
        Facts.

29.     American Eagle does not dispute this paragraph of CAT's Cross-Motion Statement of
        Facts.   However, American Eagle's Sales Orders <u>did</u> contain the appropriate arbitration
        provision.  See, Para. 27, *supra*.

30.     American Eagle disputes this paragraph of CAT's Cross-Motion Statement of Facts
        (which CAT *itself* contradicts in paragraph 32 of CAT's Cross-Motion Statement of
        Facts).  On February 23, 2005, American Eagle memorialized this second transaction in
        writing by issuing eight Sales Order nos. 0022659 through 0022666 specifying the types,
        quantifies, prices and successive delivery dates for the cashews in question.  These eight
        Sales Orders were transmitted to Lyda at CAT via fax.  1/15/07 Sobeck Certification,

Paras. 23-24.  Nowhere in his Certification does Mr. Lyda <u>deny</u> that he received the

2/23/05 Sales Orders nos. 0022659 through 0022666.  To the contrary, in deposition MR.

Lyda acknowledged receiving them "on or about February 23, 2005."  2/27/07 Cohen

Certification, Exhibit "B," Lyda Dep. Tr. 187-8 to 188-9.

31.   American Eagle disputes this paragraph of CAT's Cross-Motion Statement of Facts

because it constitutes a disputed conclusion of law instead of a statement of material fact.

See also paragraph 30, *supra*.  Further, Ms. Roy testified that: Mr. Lyda did not deny

having a contract, but only claimed that he had not yet signed it; and he acknowledged

that he was trying to sell the nuts which were the subject of CAT's firm bid contracts.

2/27/07 Cohen Certification, Exhibit "B," Lyda Dep. Tr. 106-17 to 118-12.

32.   American Eagle does not dispute this paragraph of CAT's Cross-Motion Statement of

Facts.   Indeed, this paragraph demonstrates the falsity of the assertion contained in

paragraph 30 of CAT's Cross-Motion Statement of Facts by <u>confirming</u> that, throughout

March, April and May of 2005, CAT had possession of Sales Order nos. 0022659

through 0022666 transmitted to CAT by American Eagle.  See also, 1/15/07 Sobeck

Certification, Exhibit "E," 1/11/06 Debbie Roy letter to AFI Arbitrators (On 3/2/05, Ms.

Roy "received a faxed letter from [American Eagle Foods] . . . asking Mr. Lyda to kindly

sign the sales orders from American Eagle Foods, Confirmation number 22659 thru

22601").

33.   American Eagle does not dispute this paragraph of CAT's Cross-Motion Statement of

Facts.  Further, Mr. Lyda did not tell Mr. Sobeck the orders were not correct, only that he

had not signed them "yet."  2/27/07 Cohen Certification, Exhibit "B," Lyda Dep. Tr. 192-

14 to 193-24; see also 210-3 to 211-3.  Lyda even kept CAT employee Roger Martens in

the dark as to his intentions regarding the Sales Orders from American Eagle.   2/27/07

Cohen Certification, Exhibit "C," Martens Dep. Tr. 79-7 to 80-17; 89-9 to 95-17; 103-2 to 105-7; 111-8 to 115-8; 123-12 to 125-7.

34.   American Eagle does not dispute this paragraph of CAT's Cross-Motion Statement of Facts.

35.   American Eagle does not dispute this paragraph of CAT's Cross-Motion Statement of Facts. However, notwithstanding the facts asserted herein, American Eagle's Sales Orders issued to and received by CAT did contain the appropriate arbitration provision. See, Paras. 27, 28 and 30, *supra*.

36.   American Eagle does not dispute this paragraph of CAT's Cross-Motion Statement of Facts. However, notwithstanding the facts asserted herein, American Eagle's Sales Orders issued to and received by CAT did contain the appropriate arbitration provision. See, Paras. 27, 28 and 30, *supra*.

37.   American Eagle does not dispute this paragraph of CAT's Cross-Motion Statement of Facts. However, notwithstanding the facts asserted herein, American Eagle's Sales Orders issued to and received by CAT did contain the appropriate arbitration provision. See, Paras. 27, 28 and 30, *supra*.

38.   American Eagle does not dispute this paragraph of CAT's Cross-Motion Statement of Facts. However, notwithstanding the facts asserted herein, American Eagle's Sales Orders issued to and received by CAT did contain the appropriate arbitration provision. See, Paras. 27, 28 and 30, *supra*.

39.   American Eagle disputes this paragraph of CAT's Cross-Motion Statement of Facts because it constitutes a disputed conclusion of law instead of a statement of material fact.

40.   American Eagle disputes this paragraph of CAT's Cross-Motion Statement of Facts

because it constitutes a disputed conclusion of law instead of a statement of material fact.

41. American Eagle does not dispute this paragraph of CAT's Cross-Motion Statement of Facts.

42. American Eagle does not dispute this paragraph of CAT's Cross-Motion Statement of Facts.

43. American Eagle disputes this paragraph to the extent that it inaccurately states that Mr. Lyda's communication with the AFI regarding the pending arbitration was "merely an attempt by a lay business person to try and reserve rights." Rather, Mr. Lyda is a business man with almost 20 years of experience in the edible nut business (CAT's Cross-Motion Statement of Facts, para. 3) who was personally familiar with AFI's arbitration process, having successfully arbitrated two claims against Ahcom the previous year. 1/15/07 Sobeck Certification, Para. 58. Further, Mr. Lyda's January 17, 2006 Email to the specifically requested a two-week postponement of the arbitration hearing to make travel arrangements to "facilitate [his] attendance" at the arbitration. 1/15/07 Sobeck Certification, Para. 57.

44. American Eagle does not dispute this paragraph of CAT's Cross-Motion Statement of Facts. However, CAT fails to inform the court that the New York Supreme Court denied CAT's application to stay the arbitration. 1/15/07 Sobeck Certification, Para. 46. In addition, Mr. Lyda was already familiar with the AFI's Arbitration Rules and knew two of the designated arbitrators.   2/27/07 Cohen Certification, Exhibit "C," Lyda Dep. Tr. 254-5 to 256-10. Mr. Lyda decided that CAT would not challenge the arbitrators or show up at the arbitration, even though he "expected" the arbitrators' decision would not be in its favor. Lyda Dep. Tr. 279-11 to 281-24.

45.   American Eagle does not dispute this paragraph of CAT's Cross-Motion Statement of

Facts.  However, CAT fails to inform the court that the AFI arbitrators, not CAT, had the

power to determine whether the there was "jurisdiction to conduct the arbitration

proceeding."  The Introduction to the AFI's Arbitration Rules expressly states:

> Under the By-Laws of the Association, the arbitration procedure and practice is under the
> supervision of the Arbitration Board which assigns Arbitrators for hearings, interprets
> these Arbitration Rules, **determines questions of jurisdiction, and in general decides
> all issues in connection with an Arbitration which are raised prior to the actual
> hearing itself**.

Sobeck Certification, Exhibit "B," AFI Arbitration Rules; emphasis added.

46.   American Eagle disputes this paragraph to the extent that it inaccurately states that "CAT

did not participate in the arbitration."  The arbitration went forward on March 7, 2006 as

re-scheduled pursuant to CAT's adjournment request.  1/15/07 Sobeck Certification,

Para. 63.  CAT chose not to appear for the hearing, after its application to stay the

arbitration was denied by the New York Supreme Court.  *See,* 1/15/07 Sobeck

Certification, Para. 46.

<div style="margin-left: 40%;">

Respectfully submitted,

COHN LIFLAND PEARLMAN
 HERRMANN & KNOPF LLP
Attorneys for Defendant/Counterclaimant
American Eagle Food Products, Inc.

By:_____
      Charles R. Cohen
      For the Firm

</div>

February 27, 2007